1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10                              ----oo0oo----

11
PENSION TRUST FUND FOR
12 OPERATING ENGINEERS LOCAL 3;
BOARD OF TRUSTEES OF THE
13 PENSION TRUST FUND FOR OPERATING
ENGINEERS LOCAL 3; JOHN BONILLA;
14 GIL CROSTHWAITE; ROBERT DOUD;
THOMAS HOLSMAN; JOHN HUMBER; JIM
15 MURRAY; RICHARD PIOMBO; RENE
VERCRUYSSEN; KEN WALTERS; LANCE
16 WILHELM; CURTIS BROOKS; RUSS
BURNS; CARL GOFF; FRANK HERRERA;
17 T. ROBERT MILLER; WALT POWERS;
JOE VIEIRA; ROB WISE,
18                                        NO. CIV. S-06-00904 WBS EFB
           Plaintiffs,
19
      v.
20
MCMORGAN & CO.; MCMORGAN &
21 COMPANY, LLC; STANTON, KAY &
WATSON; WEINBERG, ROGER & ROSENFELD;
22 JAMES WATSON; BARRY HINKLE; EDWARD
MEVI; DAVID HOWARD; PAYNE, THOMPSON,
23 WALKER & TAAFFE; AND DOES 1 TO 100,
inclusive,
24
           Defendants.
25
                              ----oo0oo----
26
                  STATUS (PRETRIAL SCHEDULING) ORDER
27
           After reviewing the parties' Joint Status Report, the
28

1   court hereby vacates the Status (Pretrial Scheduling) Conference
2   scheduled for December 18, 2006, and makes the following
3   findings and orders without needing to consult with the parties
4   any further:

5           I.   SERVICE OF PROCESS

6           All named defendants have been served and no further
7   service is permitted without leave of court, good cause having
8   been shown under Fed. R. Civ. P. 16(b).

9           II.  JOINDER OF PARTIES/AMENDMENTS

10          Pursuant to the request of the parties, additional
11  parties may be added within 60 days following the exchange of
12  initial disclosures, or by no later than February 28, 2007.
13  Other than as stated above, no further joinder of parties or
14  amendments to pleadings is permitted except with leave of court,
15  good cause having been shown under Fed. R. Civ. P. 16(b).  See
16  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir.
17  1992).

18          III. JURISDICTION/VENUE

19          Jurisdiction is predicated upon  28 U.S.C. § 1331
20  (federal question) and 29 U.S.C. § 1001 et seq. (the Employee
21  Retirement Income Security Act).  Jurisdiction over the claims
22  against defendants Stanton, Kay & Watson, James Watson and
23  Edward Mevi is predicated on supplemental jurisdiction of this
24  Court.  Venue is undisputed and is hereby found to be proper.

25          IV.  DISCOVERY

26          The parties will serve initial disclosures required by
27  Fed. R. Civ. P. 26 (a)(1) by no later than December 26, 2006.
28          The parties shall disclose experts and produce reports

                                2

1 in accordance with Fed. R. Civ. P. 26(a)(2) by no later than
2 November 30, 2007.

3         With regard to expert testimony intended solely for
4 rebuttal, those experts shall be disclosed and reports produced
5 in accordance with Fed. R. Civ. P. 26(a)(2) on or before
6 December 28, 2007.

7         All discovery, including depositions for preservation
8 of testimony, is left open, save and except that it shall be so
9 conducted as to be completed by February 29, 2008 for non-expert
10 discovery and by April 25, 2008 for expert discovery.  The word
11 "completed" means that all discovery shall have been conducted
12 so that all depositions have been taken and any disputes
13 relevant to discovery shall have been resolved by appropriate
14 order if necessary and, where discovery has been ordered, the
15 order has been obeyed.  All motions to compel discovery must be
16 noticed on the magistrate judge's calendar in accordance with
17 the local rules of this court and so that such motions may be
18 heard (and any resulting orders obeyed) not later than February
19 29, 2008 for non-expert discovery and by April 25, 2008 for
20 expert discovery.

21         V.   MOTION HEARING SCHEDULE

22         All motions, except motions for continuances,
23 temporary restraining orders or other emergency applications,
24 shall be filed on or before June 27, 2008.  All motions shall be
25 noticed for the next available hearing date.  Counsel are
26 cautioned to refer to the local rules regarding the requirements
27 for noticing and opposing such motions on the court's regularly
28 scheduled law and motion calendar.

1    VI.   <u>FINAL PRETRIAL CONFERENCE</u>

2         The Final Pretrial Conference is set for July 28, 2008

3    at 1:30 p.m. in Courtroom No. 5.  The conference shall be

4    attended by at least one of the attorneys who will conduct the

5    trial for each of the parties and by any unrepresented parties.

6         Counsel for all parties are to be fully prepared for

7    trial at the time of the Pretrial Conference, with no matters

8    remaining to be accomplished except production of witnesses for

9    oral testimony.  Counsel shall file separate pretrial

10   statements, and are referred to Local Rules 16-281 and 16-282

11   relating to the contents of and time for filing those

12   statements.  In addition to those subjects listed in Local Rule

13   16-281(b), the parties are to provide the court with: (1) a

14   plain, concise statement which identifies every non-discovery

15   motion which has been made to the court, and its resolution; (2)

16   a list of the remaining claims as against each defendant; and

17   (3) the estimated number of trial days.

18        In providing the plain, concise statements of

19   undisputed facts and disputed factual issues contemplated by

20   Local Rule 16-281(b)(3)-(4), the parties shall emphasize the

21   claims that remain at issue, and any remaining affirmatively

22   pled defenses thereto.  If the case is to be tried to a jury,

23   the parties shall also prepare a succinct statement of the case,

24   which is appropriate for the court to read to the jury.

25        VII.  <u>TRIAL SETTING</u>

26        The trial is set for September 23, 2008 at 9:00 a.m.

27   in Courtroom No. 5.  Plaintiffs have demanded a jury trial.  To

28   the extent applicable, defendants will assert that ERISA claims

4

1   should not be heard by a jury.

2          VIII.   <u>SETTLEMENT CONFERENCE</u>

3          A Settlement Conference will be set at the time of the

4   Pretrial Conference.

5          Counsel are instructed to have a principal with full

6   settlement authority present at the Settlement Conference or to

7   be fully authorized to settle the matter on any terms.  At least

8   seven calendar days before the Settlement Conference counsel for

9   each party shall submit a confidential Settlement Conference

10  Statement for review by the settlement judge.  If the settlement

11  judge is not the trial judge, the Settlement Conference

12  Statements shall not be filed and will not otherwise be

13  disclosed to the trial judge.

14  DATED: December 14, 2006

15                          s/William B. Shubb

16

17

18

19

20

21

22

23

24

25

26

27

28