1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                         ----oo0oo----

11  PENSION TRUST FUND FOR
    OPERATING ENGINEERS LOCAL 3;
12  BOARD OF TRUSTEES OF THE
    PENSION TRUST FUND FOR
13  OPERATING ENGINEERS LOCAL 3;
    GIL CROSTHWAITE; ROBERT DOUB;
14  THOMAS HOLSMAN; JOHN HUMBER;
    JIM MURRAY; RICHARD PIOMBO;
15  RENE VERERUYSSEN; KEN WALTERS;
    LANCE WILHELM; RUSS BURNS;
16  CARL GOFF; FRANK HERRERA;
    ROBERT T. MILLER; WALT POWERS;
17  JOE VIEIRA; and ROB WISE;

18                                        NO. CIV. S-06-904 WBS JFM
                                          NO. CIV. S-06-905 WBS JFM
19            Plaintiffs,                  NO. CIV. S-06-907 WBS JFM

20      v.                                ORDER RE: MOTIONS TO DISMISS,
                                          MOTIONS TO STRIKE, & MOTION
21                                        FOR A MORE DEFINITE STATEMENT

22  MCMORGAN & COMPANY; MCMORGAN &
    COMPANY, LLC; STANTON, KAY &
23  WATSON; WEINBERG, ROGER &
    ROSENFELD; VAN BOURG, ROGER &
24  ROSENFELD; JAMES WATSON; BARRY
    HINKLE; EDWARD MEVI; DAVID
25  HOWARD; PAYNE, THOMPSON,
    WALKER & TAAFFE; JOHN BONILLA;
26  CURTIS BROOKS; and DOES 1 TO
    100, INCLUSIVE;

27

28            Defendants.

                              1

```
PENSION TRUST FUND FOR OPERATING
ENGINEERS LOCAL 3; BOARD OF
TRUSTEES OF THE PENSION
TRUST FUND FOR OPERATING
ENGINEERS LOCAL 3; JOHN BONILLA;
RUSS BURNS; GIL CROSTHWAITE;
ROBERT DOUB; CARL GOFF;
FRANK HERRERA; THOMAS HOLSMAN;
JOHN HUMBER; ROBERT T. MILLER;
JIM MURRAY; RICHARD PIOMBO;
WALT POWERS; RENE VERERUYSSEN;
JOE VIEIRA; KEN WALTERS; LANCE
WILHELM; and ROB WISE;
```

       Plaintiffs.

v.

```
MCMORGAN & COMPANY, LLC; BARRY
HINKLE; DAVID HOWARD; EDWARD
MEVI; PAYNE, THOMPSON, WALKER,
& TAAFE; STANTON, KAY, &
WATSON; VAN BOURG, WEINBERG,
ROGER & ROSENFELD; JAMES WATSON;
WEINBERG, ROGER & ROSENFELD; and
DOES 1 TO 100, INCLUSIVE;
```

       Defendants.

```
PENSION TRUST FUND FOR OPERATING
ENGINEERS LOCAL 3; BOARD OF
TRUSTEES OF THE PENSION TRUST
FUND FOR OPERATING ENGINEERS
LOCAL 3; JOHN BONILLA; CURTIS
BROOKS; RUSS BURNS; GIL
CROSTHWAITE; ROBERT DOUB; CARL
GOFF; FRANK HERRERA; THOMAS
HOLSMAN; JOHN HUMBER; ROBERT
T. MILLER; JIM MURRAY; RICHARD
PIOMBO; WALT POWERS; RENE
VERERUYSSEN; JOE VIEIRA; KEN
WALTERS; LANCE WILHELM; and ROB
WISE;
```

       Plaintiffs.

v.

MCMORGAN & COMPANY; MCMORGAN &

2

COMPANY, LLC; LIFFEY, LLC;
STANTON, KAY, & WATSON;
WEINBERG, ROGER & ROSENFELD;
VAN BOURG, WEINBERG, ROGER, &
ROSENFELD; JAMES WATSON;
BARRY HINKLE; EDWARD MEVI;
DAVID HOWARD; and PAYNE,
THOMPSON, WALKER, & TAAFE;
and DOES 1 TO 100, INCLUSIVE;

        Defendants.

----oo0oo----

Currently before the court are four motions to dismiss brought by three sets of defendants in each of three related cases and a fourth defendant in one of the cases.  All of these complaints share allegations that an investment company and retained counsel mismanaged the investments of a trust fund organized to provide pension benefits to members of a labor union.  Accordingly, all of the motions in each of these three cases are addressed herein.

I.   <u>Factual and Procedural Background</u>

Plaintiff Pension Trust Fund for Operating Engineers Local 3 ("Pension Trust Fund") is a trust fund organized to provide pension benefits to members of a labor union.  (06-904 FAC ¶ 1.)  A board of trustees runs the fund, and this board is also a plaintiff in this action.  (<u>Id.</u>)  The remaining plaintiffs are trustees and fiduciaries who sit on the board.  (<u>Id.</u> ¶ 2.)

Defendant McMorgan and Company, L.L.C., agreed to serve as the asset manager for Pension Trust Fund on or about September 1, 1995.  (<u>Id.</u> ¶¶ 3, 12.)  Defendant David Howard ("Howard") is and was at all relevant times an employee of McMorgan and

1  Company, L.L.C.[1]  (Id. ¶ 10.)  The duties of the McMorgan

2  defendants include supervising the investment of all assets of

3  the fund that the board of trustees requested it to manage,

4  selecting brokers and placing brokerage orders "[i]n its sole

5  discretion and authority," complying with the standards of

6  fiduciary responsibility required by ERISA, and providing support

7  services necessary to manage the account.  (Id. ¶ 13.)

8  Additionally, the Investment Management Agreement expressly

9  provided that defendant McMorgan was an ERISA fiduciary to the

10  Pension Trust Fund.  (Id. ¶ 14.)

11       Defendant Liffey, L.L.C. ("Liffey"), assumed the

12  obligations and liabilities of McMorgan and Company, L.L.C.,

13  prior to September 28, 2001, pursuant to a merger between the two

14  entities.[2]  Plaintiff refers to Liffey and McMorgan and Company,

15

16       [1]   Defendants McMorgan & Company, L.L.C. and David Howard,
17  an employee of McMorgan & Company, L.L.C., will collectively be
   referred to as "the McMorgan defendants" unless otherwise noted.

18       [2]   The court takes judicial notice of Liffey's evidence
19  attached to the Declaration of Gabriel Z. Reynoso (06-907 Docket
   No. 87), including public documents related to the merger between
20  Liffey and McMorgan & Co.  See Greeson v. Imperial Irr. Dist., 59
   F.2d 529, 531 (9th Cir. 1932) (explaining that "[j]udicial
21  knowledge is taken of all matters generally known" and further
   noting that "the court is bound to take notice of public facts").
22  "Ordinarily, when matters outside the pleadings are introduced on
   a Rule 12(b)(6) motion, and these matters are not excluded by the
23  court, the motion is to be treated as one for summary judgment
   and disposed of as provided in Rule 56.  However, under Rule 201
24  of the Federal Rules of Evidence, a district court may take
   judicial notice of 'matters of public record' outside the
25  pleadings without converting a motion to dismiss into a motion
   for summary judgment."  Mann v. GTCR Golder Rauner, L.L.C., No.
26  02-2099, 2006 WL 2473988, at *4 (D. Ariz. 2006) (citing MGIC
   Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986))
27  (other citations omitted).  Plaintiffs do not oppose this
   request.
        Parties have submitted numerous requests for judicial
28  notice.  The Court will adjudge these requests by the standard

1    L.L.C., collectively as McMorgan.  (06-907 FAC ¶ 3.)  Liffey is a

2    defendant only in Case No. 06-907.[3]

3         The Pension Trust Fund also retained defendant

4    Weinberg, Roger & Rosenfeld, L.L.C.,[4] to perform "routine and

5    recurrent legal services the Fund has required and will continue

6    to require in the future."  (06-904 FAC ¶ 23.)  These services

7    included attending all board and committee meetings; reviewing,

8    interpreting, and advising Pension Trust Fund about laws and

9    regulations that would affect the trust; and reviewing and

10   advising Pension Trust Fund regarding investment issues in

11   collaboration with parties including the investment manager.

12

13

14

15   indicated in the preceding paragraph.  The court will note
     whether it takes judicial notice throughout this order only when
16   such documents are necessary for the disposition of these
     motions.
17        The court properly reviews the Asset Purchase Agreement
     between McMorgan Acquisition Company, L.L.C., and McMorgan and
18   Company, L.L.C. Branch v. Tunnel, 14 F.3d 449, 454 (9th Cir.
     1994), overruled on other grounds, Galbraith v. County of Santa
19   Clara, 307 F.3d 1119 (9th Cir. 2002) (Courts may properly review
     "documents whose contents are alleged in the complaint and whose
20   authenticity no party questions, but which are not physically
     attached to the plaintiff's pleading.").

21        [3]   In the court's previous order of September 24, 2006,
     the court declined to consider Liffey's joinder in McMorgan
22   defendants' motion, (September 24, 2006 Order 10, n. 7), because
     Liffey served its joinder in the motion only two days prior to
23   the time the opposition was due, and plaintiffs did not have
     sufficient notice to include arguments against Liffey in their
24   opposition.  Further, Liffey failed to argue their motion or
     explain in their moving papers their status as an ERISA
25   fiduciary. However, all of those problems have been cured for
     purposes of the present motion.
26
          [4]   Defendant Barry Hinkle is and was an attorney and
27   partner in the law firm of Weinberg, Roger & Rosenfeld.  (06-904
     Compl. ¶¶ 7-8.)  The court will refer to these defendants
28   collectively as the "Weinberg defendants."

5

1  (Id.)  Defendant Stanton, Kay & Watson, L.L.P.,[5] signed an almost
2  identical retainer agreement with Pension Trust Fund.  (Id. ¶¶
3  24, 25.)[6]

4      A.   Factual Allegations Underlying Case No. 06-904

5           Beginning in the late 1960s, the Pension Trust Fund
6  invested its assets in several properties.  In approximately
7  1968, the Pension Trust Fund purchased about 3,590 acres of real
8  estate located in Rancho Murieta, California.  (Id. ¶ 27.)  The
9  relevant parts of this property were: Unit 5 (split into Parcels
10 A and B), and a "Hotel site" comprising 20.2 acres.  (Id. ¶ 30.)
11 The Hotel site was first sold to Jack Anderson in 1987 for
12 approximately $123,762.00 per acre.  (Id.)  However, Anderson
13 defaulted on the payments in approximately 1993 and the property
14 reverted back to the Pension Trust Fund.  (Id.)  In 2002, the
15 Pension Trust Fund sold the Hotel site and an additional 10.1
16 acres at a purchase price of approximately $72,528 per acre
17 (about half of the price the property was sold for in 1987).
18 (Id. ¶ 31.)  Escrow was extended over the next few years, but the
19

20      [5]   Defendant Edward Mevi is and was an attorney and
21 partner in the law firm of Stanton, Kay & Watson, L.L.P.;
   defendant James Watson is and was an employee and/or agent of the
22 same law firm.  (06-904 Compl. ¶¶ 9, 11.)  The court will refer
   to these defendants as the "Stanton defendants."

23      [6]   Each of the three related cases here--06-904, 06-905,
24 and 06-907 (Apr. 28, 2006 Notice of Related Cases)--involves the
   same four causes of action, but 06-907 contains an additional
25 cause of action for fraud.  More significantly, each case
   references a slightly different set of underlying facts.
26 Briefly, Case No. 06-904 refers to the sale of different
   investment properties for less than fair market value, Case No.
27 06-905 relates to attorney/fiduciary malpractice for the failure
   to attend a foreclosure sale, and Case No. 06-907 concerns
28 allegations of overbilling for costs and fees by retained
   attorneys.

6

1  purchase price remained the same.  (<u>Id.</u> ¶ 32.)

2          In 2002, defendant McMorgan entered into several
3  contracts on behalf of the Pension Trust Fund to sell
4  approximately 59.7 acres of Parcel A and approximately 86.17
5  acres of Parcel B of the Rancho Murieta property.  (<u>Id.</u> ¶¶ 35,
6  37.)  For the sale of Parcel A, the purchase price of the land
7  was $51,402.00 per acre.  (<u>Id.</u> ¶ 35.)  For the sale of Parcel B,
8  the price was set at $35,653.00 per acre.  (<u>Id.</u> ¶ 37.)  Although
9  the real estate market appreciated between 2002 and 2004,
10 defendant McMorgan allowed numerous extensions of the contracts,
11 and eventually sold parcels A and B in 2004 for the price
12 originally agreed upon, despite the properties' subsequent
13 increase in value.  (<u>Id.</u> ¶¶ 36, 38.)  Defendant McMorgan
14 allegedly mismanaged the real estate properties belonging to the
15 Pension Trust Fund and caused it to incur significant losses.
16 (<u>Id.</u> ¶ 40.)  Additionally, the Stanton defendants and the
17 Weinberg defendants undertook the duty to oversee and participate
18 in the land sales and other real estate transactions by providing
19 legal counsel and advice.  (<u>Id.</u> ¶ 42.)  Plaintiffs allege that
20 they did not discover the mismanagement of the Pension Trust
21 Fund's assets by all of these defendants before August of 2005.
22 (<u>Id.</u> ¶ 44.)

23     B.   <u>Factual Allegations Underlying Case No. 06-905</u>

24          After the Pension Trust Fund sold some of the Rancho
25 Murieta property to Jack Anderson, Anderson sold two parcels to
26 Winncrest Homes, Inc. ("Winncrest").  (06-905 FAC ¶¶ 25, 27, 28.)
27 By 1993, Anderson and Winncrest had defaulted on making their
28 payments, and the Pension Trust Fund initiated judicial

7

foreclosure proceedings against them on the advice of McMorgan and Company.  (Id. ¶¶ 29, 30.)  Judgment on the foreclosure was entered in 2000 and affirmed on appeal in 2003.  (Id. ¶ 32.)  The Pension Trust Fund subsequently became the judgment creditor in the amount of $17,000,000.00 against Winncrest (the judgment debtor).  (Id.)

Pension Trust Fund petitioned for a writ of sale of the property to execute the judgment, and such a writ was issued. (Id. ¶ 32.)  Individuals from defendant McMorgan and Company and agents of the Stanton defendants (who, in turn, were acting as agents for the Weinberg defendants) were to attend the February 24, 2004, sale to bid on the property on behalf of Pension Trust Fund.  (Id. ¶ 34-35.)  Although the sale was noticed, defendant Mevi (of the Stanton defendants) received a personal phone call regarding the sale, and defendants Mevi and Howard planned to attend the sale, both of these defendants arrived late to the sale, after the property had been sold for $2,000.00.  (Id. ¶¶ 35-42.)  Significantly, however, the property was appraised for a value of between $12,000,000.00 and $14,000,000.00.  (Id. ¶ 42.) Pension Trust Fund filed suit to have the foreclosure set aside, but the suit was not successful.  (Id. ¶¶ 45, 48.)

C.   Factual Allegations Underlying Case No. 06-907

In the context of the judicial foreclosure proceedings against Anderson and Winncrest, defendant McMorgan allegedly had the obligation and duty to protect Pension Trust Fund's assets from unethical or incompetent provision of services by these providers, such as attorneys, to monitor the service providers more generally, and to monitor the payment of bills and invoices.

8

1   (06-907 FAC ¶¶ 63, 70, 78.)  The Weinberg defendants and the

2   Stanton defendants were retained by the Pension Trust Fund to

3   represent them in these proceedings.  (<u>Id.</u> ¶¶ 34, 35, 39.)

4   Pursuant to the successful judicial foreclosure action, Pension

5   Trust Fund paid its attorneys what it now contends was an

6   exorbitant amount for attorneys' fees, including improper costs

7   for office furniture and equipment.  (<u>Id.</u> ¶¶ 34-47.)  As evidence

8   that the amounts paid were excessive and unreasonable, plaintiff

9   notes that the court deciding the foreclosure proceedings, in the

10  context of an attorneys' fees motion, halved the attorneys' fees

11  requested by its attorneys (and previously billed to plaintiff),

12  denying the law firms more than $7,000,000.00 that they had

13  requested.  (<u>Id.</u> ¶ 39.)

14       D.   <u>Legal Claims</u>

15       Based upon these underlying facts, each of the three

16  complaints alleges the following causes of action against

17  substantially all defendants: (1) professional negligence; (2)

18  breach of contract; (3) breach of fiduciary duty; and (4)

19  violations of the Employee Retirement Income Security Act of 1974

20  ("ERISA"), 29 U.S.C. §§ 1105, 1109, and 1132(a)(2) & (3).  Case

21  No. 06-907 additionally contains a cause of action for fraud

22  against the Stanton and Weinberg defendants.

23       E.   <u>Previous Order</u>

24       In a previous hearing, the McMorgan defendants, the

25  Weinberg defendants, and the Stanton defendants brought different

26  challenges to the complaints in these cases.  The court issued a

27  written order on September 24, 2006.

28       The court denied the Weinberg defendants' and the

9

Stanton defendants' motions to strike requests for attorneys'
fees and improper damages and the Stanton defendants' motions for
a more definite statement. With regard to the McMorgan
defendants, the court dismissed without prejudice the first,
second, and third causes of action in all three cases. The court
also dismissed without prejudice all claims against the Weinberg
defendants in all three cases. With regard to the Stanton
defendants, the court dismissed without prejudice all claims in
Case No. 06-904. The court dismissed without prejudice the
fourth cause action as against the Stanton defendants in Case No.
06-905 and the fourth and fifth causes of action as against the
Stanton defendants in Case No. 06-907. Plaintiffs were given 30
days to file an amended complaint. The court's rationale for its
previous order will be discussed at some length throughout this
order, as the instant action implicates many of the same issues.

     F.   <u>Pending Motions</u>

          The McMorgan defendants move to dismiss claims one
through three, as against them in Case No. 06-907, arguing that
these causes of action are state law claims that are preempted by
ERISA. In the alternative, the McMorgan defendants move to
dismiss the state law claims against Howard and all claims
against McMorgan and Company for time periods prior to September
28, 2001. As for Case Nos. 06-904 and 06-905, plaintiffs' first
amended complaint alleged these claims only against Howard.
Howard moves to dismiss these state law claims against him.
Plaintiffs filed a statement of non-opposition to Howard's
request in 06-904 and 06-905. Therefore, the court will dismiss
the state law claims against Howard with prejudice in those cases

1    only.  The court will consider the motion of the McMorgan

2    defendants (including Howard) in Case No. 06-907 on the merits.

3

4        Liffey, which is only a defendant in Case No. 06-907,

5    moves to dismiss claims one through three arguing that these

6    causes of action are state law claims that are preempted by

7    ERISA.

8        The Weinberg defendants, with regard to Case Nos. 06-

9    904 and 06-905, move to dismiss claims one through three as

10   barred by the statute of limitations and claim four as improperly

11   brought against defendants not subject to the fiduciary duties

12   imposed by ERISA.  With regard to Case No. 06-907, the Weinberg

13   defendants move to dismiss claims one through four for the same

14   reasons and to strike plaintiffs' request for punitive damages in

15   the event claim one and three are not dismissed.  Further, the

16   Weinberg defendants move to dismiss claim five for failure to

17   plead fraud with particularity and to strike all allegations of

18   fraud prior to March, 2003, as barred by the statute of

19   limitations, in the event claim five is not dismissed.

20       The Stanton defendants move to dismiss claims one

21   through three in Case No. 06-907 only as barred by the statute of

22   limitations.[7]  The Stanton defendants move to dismiss claims one

23   through three in 06-905 as not ripe for adjudication by this

24   court.  The Stanton defendants move to dismiss the fourth cause

25   of action in all three cases for failure to state a claim under

26   ────────────────────

27       [7]   The Stanton defendants signed tolling agreements with
     plaintiff Pension Trust Fund regarding the claims in cases 06-905
28   and 06-907, and therefore do not make this argument in those
     cases.

1  ERISA or alternatively move for a more definite statement of the

2  claim.  With regard to Case No. 06-907, the Stanton defendants

3  move to strike plaintiffs' request for punitive damages in claims

4  one and three.  Finally, the Stanton defendants move to dismiss

5  the fifth cause of action in case no. 06-907 for failure to plead

6  fraud with particularity.

7  II.  <u>Discussion</u>

8       A.   <u>Stanton and Weinberg Defendants' Motions to Strike</u>[8]

9            The Stanton and Weinberg defendants move to strike

10  plaintiffs' claims for punitive damages in the first and third

11  causes of action with respect to Case No. 06-907.  Federal Rule

12  of Civil Procedure 12(f) provides that "redundant, immaterial,

13  impertinent, or scandalous matters" may be "stricken from any

14  pleading."  Such motions are designed "to avoid the expenditure

15  of time and money that must arise from litigating spurious issues

16  by dispensing with those issues prior to trial . . . ."

17  <u>Sidney-Vinstein v. A.H. Robins Co.</u>, 697 F.2d 880, 885 (9th Cir.

18  1983).  However, "[m]otions to strike are generally disfavored."

19  <u>Abney v. Alameida</u>, 334 F. Supp. 2d 1221, 1234 (S.D. Cal. 2004);

20  <u>Bureerong v. Uvawas</u>, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996)

21  ("Rule 12(f) motions are generally 'disfavored' because they are

22  'often used as delaying tactics, and because of the limited

23  importance of pleadings in federal practice.'" (quoting William

24  W. Schwarzer et al., <u>California Practice Guide: Federal Civil</u>

25  <u>Procedure Before Trial</u> § 9:375)).  "If there is <u>any</u> <u>doubt</u> as to

26

27       [8]    The Weinberg defendants join in this motion.  However,
    court will dismiss with prejudice the underlying claims, as
28  against the Weinberg defendants, as time-barred.

1  whether the allegations might be an issue in the action, [the]

2  court [should] deny the motion." In re 2TheMart.com, Inc. Sec.

3  Litig., 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000) (citing

4  Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993)

5  rev'd on other grounds, 510 U.S. 517, 534-35 (1994)).

6         The Stanton defendants argue that plaintiffs' action is

7  a run-of-the-mill negligence case and as such plaintiffs are not

8  entitled to punitive damages. (06-907 Stanton Defs.' Mot. to

9  Strike 11-12.)  The Stanton defendants cite Jackson v. Jackson,

10 which held that mere negligence will not support an award of

11 punitive damages.  5 Cal. App. 1350 (1992).  However, the Jackson

12 court in fact held that because the pleadings at the time of

13 trial did not allege fraudulent, malicious, or oppressive conduct

14 or include a prayer for punitive damages, punitive damages could

15 not be awarded.  Id. at 1354.  Plaintiffs specifically include in

16 their prayer for relief punitive damages and allege that conduct

17 by the Stanton defendants was done "knowingly and maliciously"

18 and was "malicious" and "reckless."  (06-907 FAC ¶¶ 58-60, 74-

19 75.)  Indeed, "in an action for the breach of an obligation . .

20 ., where it is proven by clear and convincing evidence that the

21 defendant has been guilty of oppression, fraud, or malice, the

22 plaintiff, in addition to the actual damages, may recover damages

23 for the sake of example and by way of punishing the defendant."

24 Cal. Civ. Code § 3294.  Plaintiffs have sufficiently alleged a

25 claim for punitive damages.  Accordingly, the Stanton defendants'

26 motion to strike plaintiffs' prayer for punitive damages will be

27 denied.

28      B.   Motions to Dismiss

13

1      At the pleading stage, the plaintiff need only set

2  forth "a short and plain statement of the claim showing that the

3  pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2);

4  Leatherman v. Tarrant County Narcotics Intelligence &

5  Coordination Unit, 507 U.S. 163, 168 (1993).  A complaint need

6  only "give the defendant fair notice of what the plaintiff's

7  claim is and the grounds upon which it rests."  Conley v. Gibson,

8  355 U.S. 41, 47 (1957).  Consequently, on a motion to dismiss

9  pursuant to Federal Rules of Civil Procedure 12(b)(6), the court

10  accepts the allegations in the complaint as true and draws all

11  reasonable inferences in favor of the pleader.  Scheuer v.

12  Rhodes, 416 U.S. 232, 236 (1974); Cruz v. Beto, 405 U.S. 319, 322

13  (1972).

14      Additionally, under Rule 8 of the Federal Rules of

15  Civil Procedure, "[a] party may set forth two or more statements

16  of a claim or defense alternatively or hypothetically."  Rule 8

17  does not require that claims pled in the alternative be

18  consistent with each other.  Moreover, the Ninth Circuit has

19  explained that, because of the liberality of Rule 8 pleading

20  standards, "a pleading should not be construed as an admission

21  against another alternative or inconsistent pleading in the same

22  case."  McCalden v. Cal. Library Ass'n, 955 F.2d 1214, 1219 (9th

23  Cir. 1990) (citation omitted).

24      The Ninth Circuit instructs that "a district court

25  should grant leave to amend even if no request to amend the

26  pleading was made, unless it determines that the pleading could

27  not possibly be cured by the allegation of other facts."  Nunes

28  v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2003) (quoting Doe v.

14

1   U.S., 58 F.3d 494, 497 (9th Cir. 1995)).  However, "in assessing

2   the propriety of a motion for leave to amend, [courts may]

3   consider five factors: (1) bad faith; (2) undue delay; (3)

4   prejudice to the opposing party; (4) futility of amendment; and

5   (5) whether the plaintiff has previously amended his complaint."

6   Id. (quoting Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir.

7   1995)).  Where plaintiff has been given an opportunity to amend

8   his complaint and fails to cure its original defects, courts may

9   dismiss without leave to amend.   Nicholson v. Maricopa County

10  Sheriff's Office, No. 06-470, slip op. at *1 (D. Ariz. July 26,

11  2006) ("Plaintiff's First Amended Complaint will be dismissed

12  without leave to amend because the defects in the original

13  Complaint were not corrected."); Colbert v. Yamamoto, No. 04-

14  6417, slip op. at *2 (E.D. Cal. Nov. 17, 2005) (dismissing second

15  amended complaint with prejudice where plaintiff had simply

16  "restate[d] the facts of an earlier complaint after court had

17  "advised plaintiff of the deficiencies").

18          1.   McMorgan Defendants' Motion to Dismiss State Law
19               Claims as Preempted by ERISA

20          The court granted the McMorgan defendants' previous

21  motion to dismiss because they were not "given sufficient notice

22  of how these state law claims against them do not duplicate,

23  supplement, or supplant the provisions of ERISA referenced by

24  plaintiffs' fourth cause of action." (September 24, 2006 Order

25  15.)  Plaintiffs amended their complaint, alleging that the

26  McMorgan defendants entered into an "oral and/or written"

27  agreement to review attorneys' fees that "was outside the

28  investment management Agreement and included attorney billings

15

1    unrelated to investment matters and unrelated to the legal

2    services described in the Agreement."  (06-907 FAC ¶ 22.)

3         The McMorgan defendants argue that even if a "separate"

4    agreement exists, it is wholly irrelevant to the issue of whether

5    plaintiffs' state law claims are preempted by ERISA.  (McMorgan

6    Defs.' 06-907 Mot. to Dismiss 9.)  Their preemption argument

7    rests on the notion that "any state-law cause of action that

8    duplicates, supplements, or supplants the ERISA civil enforcement

9    remedy conflicts with the clear congressional intent to make the

10   ERISA remedy exclusive and is therefore pre-empted."  Aetna

11   Health Inc. v. Davila, 542 U.S. 200, 209 (2004) (citations

12   omitted) (concluding that ERISA preempted state law claims where

13   the complaint did not allege "any violation of a legal duty

14   independent of ERISA").  In response, plaintiffs contend that,

15   pursuant to Rule 8, they have alternatively pled state and

16   federal claims in an effort to protect themselves if it is

17   determined at a later stage in the litigation that they cannot

18   maintain the ERISA claim.

19        Regardless of whether plaintiffs have plead the ERISA

20   and state law causes of action in the alternative, it is unclear

21   what basis plaintiffs have for claiming that the McMorgan

22   defendants are subject to state law claims.  The contract signed

23   by the Pension Trust Fund and the McMorgan defendants states that

24   McMorgan and Company was hired as an investment manager and an

25   ERISA fiduciary.  It is difficult to understand how state law

26   claims are colorable against the McMorgan defendants given

27   "ERISA's provision that 'a person is a fiduciary with respect to

28   a plan to the extent [that] he renders investment advice for a

16

fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan.'" See Dudley Supermarket, Inc. v. Transamerica Life Ins. & Annuity Co., 302 F.3d 1, 4 (1st Cir. 2002) (citing 29 U.S.C. § 1002(21)) (dismissing state law claims as preempted by ERISA against an investment manager who acted as an ERISA fiduciary).[9]  Even assuming the existence of a "separate" agreement to review attorneys' fees, plaintiffs have not alleged how defendants may have acted beyond the scope of exercising their discretion as an ERISA fiduciary such that they may be subject to state law claims that do not relate to the ERISA claim.[10]

Defendants have not been given sufficient notice of how these state law claims against them do not duplicate, supplement, or supplant the provisions of ERISA referenced by plaintiffs' fourth cause of action.  Because this court has already given the

[9]   Plaintiffs continue to cite Coleman v. Standard Life Insurance Company, 288 F. Supp. 2d 1116, 1121 (E.D. Cal. 2003), which the court has already found inapplicable to this case. (September 24, 2006 Order 15, n.9.)

[10]   Plaintiffs cite Meyer v. Berkshire Life Insurance Co., for the proposition that "fiduciary status under ERISA is not an all-or-nothing concept." 250 F. Supp. 2d 544, 562 (D. Md. 2003). However, that very case instructs courts to consider "'whether the acts in question were like traditional fiduciary decisions, which are typically 'decisions about managing assets and distributing property to beneficiaries.'" Id. (citations omitted).  The act in question here is the alleged failure of the McMorgan defendants to exercise discretionary authority in supervising legal billings incurred in legal matters directly related to the management of the plan's investment assets.  The contract between the McMorgan defendants and plaintiffs stipulated that McMorgan assumed the obligation to manage all of assets of Pension Trust Fund.  (06-907 FAC ¶¶ 13, 14.)  There are not any allegations that the McMorgan defendants failed to manage any attorneys' fee bills not related investment assets. Therefore, if the McMorgan defendants acted, or failed to act, with regard to the attorneys' fees management, it was as an ERISA fiduciary.

1  defendant an opportunity to cure this defect, the state law

2  claims, as against the McMorgan defendants, will be dismissed

3  with prejudice.[11]

4          2.   Liffey's Motion to Dismiss State Law Claims as

5               Preempted by ERISA

6          Liffey, which assumed the McMorgan defendants'

7  liabilities prior to September 28, 2001, advances many of the

8  same arguments as the McMorgan defendants to support its

9  contention that plaintiffs' state law claims are preempted by

10 ERISA.  For the same reasons discussed above, the court will

11 grant Liffey's motion.

12         The court separates its treatment of Liffey here

13 because Liffey's present motion is its first motion to dismiss

14 these claims.  Liffey urges dismissal with prejudice, citing an

15 informal agreement among  parties' counsel to avoid unnecessary

16 motion practice that plaintiffs' counsel broke by making its

17 request for leave to amend.  Regardless of whether plaintiffs

18 request leave to amend, (Opp'n. to Liffey's Mot. to Dismiss 5),

19 the court must consider it.  Nunes, 375 F.3d at 808.  However,

20 the relevant standard for granting leave to amend is whether the

21 defect in plaintiffs' complaint "could not possibly be cured by

22 the allegation of other facts."  Id.

23         Because plaintiffs could allege facts demonstrating

24 that Liffey may have acted beyond the scope of exercising its

25

26         [11]  Because the court dismisses plaintiffs' state law
   claims against the McMorgan defendants, the court need not
27 address the McMorgan defendants' motion to dismiss the state law
   claims against Howard and motion to dismiss all claims for time
28 periods prior to September 28, 2001.

                              18

discretion as an ERISA fiduciary, the court will grant Liffey's motion to dismiss, but will give plaintiffs an opportunity to amend.

> 3.    Stanton and Weinberg Defendants' ERISA Fiduciary
>        Status

The court granted the Stanton and Weinberg defendants' previous motions to dismiss the fourth cause action in all three related cases because plaintiffs' allegations did "not sufficiently allege that the Stanton defendants or the Weinberg defendants acted or undertook to act beyond the ordinary role of retained counsel to exercise discretion over the plan or to make investment decisions." (September 24, 2006 Order 17.) Plaintiffs were given leave to amend to include allegations explaining what actions the Stanton and Weinberg defendants undertook beyond the actions a lawyer would undertake for a client. (Id.)

The Stanton and Weinberg defendants were retained as counsel by the Pension Trust Fund. Their retainer agreements, which were virtually identical, set forth responsibilities to review and advise Pension Trust Fund regarding legal issues related to investments. (06-907 FAC ¶ 24.)[12] In their first amended complaint, plaintiffs added an allegation that the Stanton and Weinberg defendants exercised "discretionary authority over plan assets," "approved contracts for sale of real estate," extended sale contracts, and worked closely with the McMorgan defendants on investment matters. (Id. ¶ 25.)

_____

[12]    The allegations relevant here are the same in all three complaints.

As the court previously noted, "ERISA permits suits for breach of fiduciary duty only against ERISA defined fiduciaries." Kyle Ry., Inc. v. Pac. Admin. Servs., Inc., 990 F.2d 513, 516 (9th Cir. 1993). "To become a[n ERISA] fiduciary, the person or entity must have control respecting the management of the plan or its assets, give investment advice for a fee, or have discretionary responsibility in the administration of the plan." Az. State Carpenters Pension Trust Fund v. Citibank, 125 F.3d 715, 721-22 (9th Cir. 1997). Absent a showing of the assignment of one of these duties, an attorney is not an ERISA fiduciary. Yeseta v. Baima, 837 F.2d 380, 385 (9th Cir. 1988) (concluding that an attorney was not an ERISA fiduciary when neither his "status as an attorney nor as executor showed he controlled the Plan in a manner other than by usual professional functions").

Although plaintiffs' amended complaint alleges that the Stanton and Weinberg defendants exercised discretionary control, plaintiffs fail to differentiate the Stanton and Weinberg defendants' activities from those of the McMorgan defendants, for whom they served as counsel. "[T]he mere fact that an attorney represents an ERISA plan does not make the attorney an ERISA fiduciary." Custer v. Sweeney, 89 F.3d 1156, 1162 (4th Cir. 1996). While such a finding is not automatically precluded, id., plaintiffs must make specific allegations capable of demonstrating that these defendants "transcended [their] role as legal counsel." Id. at 1163 (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, 317-18 (2d ed. 1990) (noting that court need not accept plaintiff's "'unwarranted deductions,' 'footless conclusions of law,' or

20

'sweeping legal conclusions cast in the form of factual allegations'" (footnotes and further citations omitted))).

Plaintiffs have not specifically differentiated the actions of the Stanton and Weinberg defendants from those of the McMorgan defendants, but merely alleged conclusory allegations of discretionary control over plan investments.  Because this court has already given plaintiffs an opportunity to cure this defect, the fourth claim, as against the Stanton and Weinberg defendants, will be dismissed with prejudice.[13]

4.   Stanton and Weinberg Defendants' Statute of
Limitations Arguments

The court previously dismissed claims one through three in Case No. 06-904, as against the Stanton and Weinberg defendants, as time-barred.  (September 24, 2006 Order 19-20).  These claims were dismissed against the Weinberg defendants with respect to Cases No. 06-905 and 06-907.  (Id. 21-24.)  The court gave plaintiffs specific instructions to remedy their deficiencies.  Plaintiffs refiled these claims, and the Stanton and Weinberg defendants make the same motions for dismissal.

The court previously found that California Code of Civil Procedure § 340.6 provides the limitations period for these claims.  (Id. 18.)  Moreover, the court found that plaintiffs must comply with the heightened pleading standard set out under California law.  (Id. 19, n.12.)  Under California Code § 340.6, unless it is tolled, the statute of limitations expires "one year

---

[13]   The Stanton defendants move, in the alternative, for a more definite statement of the ERISA claims against them. Because the court will grant their motions to dismiss, it need not consider the motions for a more definite statement.

1   after the plaintiff discovers, or through the use of reasonable

2   diligence should have discovered, the facts constituting the

3   wrongful act or omission, or four years from the date of the

4   wrongful act or omission, whichever occurs first." Cal. Civ.

5   Code § 340.6.  "[W]hen the plaintiff has notice of information of

6   circumstances to put a reasonable person on inquiry, or has the

7   opportunity to obtain knowledge from sources open to his

8   investigation (such as public records or corporation books), the

9   statute commences to run." McKelvey v. Boeing N. Am., Inc., 74

10  Cal. App. 4th 151, 160 n.11 (1999) (quoting 3 B.E.  Witkin,

11  California Procedure § 602 at 773 (4th ed. 1996)).  Moreover, a

12  "plaintiff must plead (and later prove) the facts showing . . .

13  [that] in the exercise of reasonable diligence the facts could

14  not have been discovered at an earlier date." Id.  However, the

15  statute of limitations can be tolled if "[t]he attorney continues

16  to represent the plaintiff regarding the specific subject matter

17  in which the alleged wrongful act or omission occurred . . . ."

18  Cal. Code Civ. Pro. § 340.6.

19              a.   Case No. 06-904

20          The court previously dismissed claims one through

21  three, as against the Stanton and Weinberg defendants, finding

22  that plaintiffs should have filed this action within one year of

23  the 2004 property sales. (September 24, 2006 Order 19-20.)  The

24  court granted plaintiffs leave to amend because it was unclear

25  whether the Stanton and Weinberg defendants continued to

26  represent plaintiffs "regarding the specific subject matter in

27  which the alleged wrongful act or omission occurred" pursuant to

28  California Code of Civil Procedure § 340.6(a)(2).  (Id. 20-21.)

22

1  More specifically,

2          The continuous representation rule, as
           codified in section 340.6, subdivision (a),
3          is not triggered by the mere existence of an
           attorney-client relationship.  Instead, the
4          statute's tolling language addresses a
           particular phase of such a relationship--
5          representation regarding a specific subject
           matter.  Moreover, the limitations period
6          is not tolled when an attorney's subsequent
           role is only tangentially related to the
7          legal representation the attorney provided
           to the plaintiff.

8

9  Foxborough v. Van Atta, 26 Cal. App. 4th 217, 228-29 (1994).  The

10 specific subject matter at issue here is sale of the properties

11 in 2004 for less than their market value.

12          Plaintiffs have not explained or alleged how their

13 attorneys continued to represent them specifically with regard to

14 completed transactions after those transactions were completed.

15 Plaintiffs simply contend that defendants have "represented the

16 [Pension Trust Fund (PTF)] on the same subject matter up to and

17 after March of 2005" and continued to represent them through

18 August 2006 for matters involving the Rancho Murieta properties

19 (06-904 FAC ¶ 43.)  However, "the limitations period is not

20 tolled when an attorney's subsequent role is only tangentially

21 related to the legal representation the attorney provided to the

22 plaintiff."  Foxborough, 26 Cal. App. 4th at 229.  Plaintiffs'

23 amended complaint fails to address this court's command that

24 plaintiffs allege these defendants "continued to represent them

25 specifically with regard to completed transactions after those

26 transactions were completed."  (September 24, 2006 Order 20.)

27 Further, plaintiffs' reliance on the liberal pleading standards

28 of Rule 8 are misplaced where this court has specifically held

                                 23

1   that plaintiffs must meet the pleading requirements of state law

2   in order to rely on a defense to a statute of limitations

3   challenge.  Adobe Lumber, Inc. v. Hellman, 415 F. Supp. 2d 1070,

4   1081 (E.D. Cal. 2006) (citing Cal. Sansome Co. v. U.S. Gypsum, 55

5   F.3d 1402, 1407 (9th Cir. 1995)).  Because this court has already

6   given plaintiffs an opportunity to cure this defect, claims one

7   through three, as against the Stanton and Weinberg defendants,

8   will be dismissed with prejudice.

9                    b.   Case No. 06-905

10       Plaintiffs' first three causes of action in Case No.

11  06-905 are based on the foreclosure sale that occurred on

12  February 24, 2004.  The court previously dismissed plaintiffs'

13  first three causes of action, as against the Weinberg defendants,

14  but gave plaintiffs' leave to amend because "[i]t is possible

15  that the Weinberg defendants' representation in attempting to

16  undo the sale or in drafting tolling agreements between

17  plaintiffs and other defendants was representation on this

18  specific subject matter, and that this representation may have

19  tolled the statute of limitations such that this case was timely

20  filed."  (September 24, 2006 Order 22.)

21       Plaintiffs allege that defendants represented the

22  Pension Trust Fund well into the year 2006 and "continue to

23  participate in the pending appeal of this matter."  (06-905 FAC ¶

24  51.)  Plaintiffs specifically allege that "[d]efendants have

25  submitted billings to the Trust for services rendered on the

26  Rancho Murieta properties, including the Winncrest foreclosure

27  and appeal until after mid-2006 and many of said invoices are

28  coded by [d]efendants as pertaining to the "Winncrest matter,"

24

1    "Winncrest appeal" and/or "Winncrest foreclosure."  (Id.)  The

2    specific subject matter underlying these claims is the

3    foreclosure sale and the Weinberg defendants continued their

4    representation of Pension Trust Fund on this matter by attempting

5    to set aside the foreclosure sale.[14]  "The inquiry is not whether

6    an attorney-client relationship still exists but when the

7    representation of the specific matter terminated."  Foxborough,

8    26 Cal. App. 4th at 229 (citing 2 Mallen & Smith, Legal

9    Malpractice, Statutes of Limitations, § 18.12, at p. 119,

10   (footnotes omitted)).  Plaintiffs sufficiently allege that the

11   Weinberg defendants continued to represent them on the subject

12   matter of the foreclosure sale into 2006.  Accordingly,

13   plaintiffs have alleged facts sufficient to avoid dismissal of

14   their action as time-barred.  The Weinberg defendants may, of

15   course, bring a summary judgment motion if these facts are

16   untrue, but the court must deny their motion to dismiss.

17                     c.   Case No. 06-907

18        The court previously dismissed the first three causes

19   of action in Case No. 06-907, as against the Weinberg defendants,

20   because it was "unclear how long the Weinberg defendants

21

22        [14]   The court takes judicial notice of the documents
     attached to the declaration of Rachel Meny (06-905 Docket No.
23   70), which are a declarations of Mevi and Howard in support of
     summary judgement for Pension Trust Fund in an action to set
24   aside the foreclosure sale in California Superior Court.
     Plaintiffs do not oppose this request.  These matters are of
25   public record.
          The court also takes judicial notice of the declaration
26   of Thomas J. D'Amato (06-905 Docket No. 77) reflecting that the
     appeal of the California Superior Court's judgment to not set
27   aside the foreclosure sale has been argued but no decision has
     been rendered.  Plaintiffs do not oppose this request.  These
28   matters are of public record.

represented plaintiffs on this specific subject matter, and the court cannot determine from the allegations in the complaint that the statute of limitations is tolled with respect to these causes of action."  The specific subject matter at issue in these causes of action is the purported overbilling by the attorneys during the foreclosure proceedings.

Plaintiffs allege that defendants represented the Pension Trust Fund well into the year 2006 on the "same subject matter."  (06-907 FAC ¶ 49.)  Plaintiffs specifically allege that "[d]efendants have submitted billings to the Trust for services rendered on the Rancho Murieta properties, including the Winncrest foreclosure and appeal until after mid-2006 and many of said invoices are coded by defendants as pertaining to the 'Winncrest matter,' 'Winncrest appeal' and/or 'Winncrest foreclosure.'"  (Id.)  However, plaintiffs also allege that defendants "continue to participate in the pending appeal of the matter which primarily gave rise to the claim for attorney's fees and costs which were unreasonable."  It is clear that plaintiffs are referring to litigation that ended prior to the foreclosure sale on February 24, 2004.[15]

Therefore, the Weinberg defendants did not continue to represent plaintiffs on the same subject matter--thus the statute of limitations cannot be tolled here.  Because this court has already given plaintiffs an opportunity to cure this defect,

---

[15]    The court takes judicial notice of the documents attached to the declaration of Rachel Meny (06-907 Docket No. 80), which include the California Superior Court proceedings, which resulted in a judgment of foreclosure against Winncrest. Plaintiffs do not oppose this request.  These matters are of public record.

1  claims one through three, as against the Weinberg defendants,

2  will be dismissed with prejudice.[16]

3              5.   Stanton Defendants' Motion to Dismiss Case No.

4                   06-905 for Lack of Jurisdiction

5          The Stanton defendants move to dismiss the entire first

6  amended complaint in Case No. 06-905 for lack of jurisdiction,

7  arguing that the case or controversy is not ripe for review.

8  (06-905 Stanton Defs.' Mot. to Dismiss 6-8; Stanton Defs.' Reply

9  1-2.)  Because ripeness pertains to a federal court's subject

10 matter jurisdiction under Article III of the United States

11 Constitution, it is properly raised in a motion to dismiss under

12 Fed. R. Civ. P. 12(b)(1).  See St. Clair v. City of Chico, 880

13 F.2d 199, 201 (9th Cir. 1989) (ripeness goes to a federal court's

14 subject matter jurisdiction).

15         The ripeness doctrine prevents premature adjudication

16 where a case has had no concrete impact on the parties.  Exxon

17 Corp. v. Heinze, 32 F.3d 1399, 1404 (9th Cir. 1994).  In

18 assessing ripeness claims, courts generally consider two factors:

19 (1) whether the relevant issues are sufficiently focused to

20 permit judicial resolution without further factual development,

21 Clinton v. Acequia, Inc., 94 F.3d 568, 572 (9th Cir. 1996); and

22 (2) whether the parties would suffer any hardship from postponed

23 judicial action.  Exxon, 32 F.3d at 1404.

24         The Stanton defendants argue that the allegations

25 contained in the plaintiffs' complaint are premature in light of

26 _____

27         [16]  Because the court dismisses plaintiffs' first three
   claims against the Weinberg defendants, the court need not
28 address the Weinberg defendants' motion to strike plaintiffs'
   improper requests for relief associated with these claims.

the pending appeal on the legitimacy of the foreclosure sale.[17]
Defendants' arguments are unpersuasive.  First, ripeness "is
measured at the time an action is instituted."  Cf. Malama Makua
v. Rumsfeld, 136 F. Supp. 2d 1155, 1161 (D. Haw. 2002) (citing
Lockary v. Kayfetz, 917 F.2d 1150, 1153-54 (9th Cir. 1990)).  The
Stanton defendants bring this motion in their second wave of
motions to dismiss.  Plaintiffs had and continue to have a
cognizable claim of action.  The proper inquiry is "whether the
relevant issues are sufficiently focused to permit judicial
resolution without further factual development."  Clinton, 94
F.3d at 572.  Plaintiffs allege professional negligence, breach
of contract, and breach of fiduciary duty.  Missing the
foreclosure sale is cognizable under all three causes of actions,
regardless of further state court proceedings.

        More importantly for this particular case, plaintiffs
would suffer significant hardship with judicial postponement.  In
addition to the potential for their claims to become stale as the
memories of witness fades, plaintiffs could potentially be
deprived of the use of assets should they prevail on their
claims.  Further, the cases upon which the Stanton defendants
rely, mostly concern challenges to administrative procedures and
are inapplicable to this case.

        The Stanton defendants have not persuaded this court
that this matter is not ripe.  The court will therefore deny this
motion.

---

        [17]    The court has already taken judicial notice that a
decision has not yet been rendered in the appeal of the
California Superior Court's summary judgment that the foreclosure
sale was valid.  (06-905 Docket No. 77)

1          6.   <u>Stanton and Weinberg Defendants' Motion to Dismiss</u>

2               <u>Cause of Action for Fraud in 06-907</u>

3          The court previously dismissed claim five because it

4     lacked "specificity as to times, dates, the contents of and the

5     parties to these alleged misrepresentations."  The Stanton and

6     Weinberg defendants argue that plaintiffs have failed to meet the

7     heightened pleading requirements for fraud actions.

8          Federal Rule of Civil Procedure 9(b) provides that

9     "[i]n all averments of fraud or mistake, the circumstances

10    constituting fraud or mistake shall be stated with

11    particularity."  "To avoid dismissal for inadequacy under Rule

12    9(b), [a] complaint would need to 'state the time, place, and

13    specific content of the false representations as well as the

14    identities of the parties to the misrepresentation.'"  <u>Edwards v.</u>

15    <u>Marin Park, Inc.</u>, 356 F.3d 1058, 1066 (9th Cir. 2004); <u>see also</u>

16    <u>Neubronner v. Milken</u>, 6 F.3d 666, 672 (9th Cir. 1993) ("The

17    complaint must specify such facts as the times, dates, places,

18    benefits received, and other details of the alleged fraudulent

19    activity.").

20         Plaintiffs allege that the Stanton defendants, the

21    Weinberg defendants, and two other sets of defendants

22    "intentionally concealed the specific amounts of the billings,

23    itemized statements, and the court rulings on issues of attorneys

24    [sic] fees and costs to avoid discovery by Plaintiffs." (06-907

25    FAC ¶ 87.)  Further, plaintiffs allege that the defendants did

26    not submit bills to proper vendors and only submitted non-

27    itemized statements.  (<u>Id.</u>)  Plaintiffs further allege that the

28    defendants double billed for the same activities.  (<u>Id.</u>)

1  Plaintiffs do not allege specific instances of these allegations
2  in their fraud claim.  Plaintiffs have done little to remedy the
3  deficiencies in their first complaint.  Without greater
4  specificity as to times, dates, the contents of and the parties
5  to these alleged misrepresentations, the complaint does not
6  sufficiently allege a cause of action for fraud.  Because this
7  court has already given plaintiffs an opportunity to cure this
8  defect, claim five, as against the Stanton and Weinberg
9  defendants, will be dismissed with prejudice.[18]

10 III. Conclusion

11         In Case No. 06-904, IT IS THEREFORE ORDERED that:

12         (1) the first, second, and third causes of action, as
13 against Howard be, and the same hereby are, DISMISSED WITH
14 PREJUDICE;

15         (2) the complaint, as against the Stanton defendants
16 and the Weinberg defendants be, and the same hereby is, DISMISSED
17 WITH PREJUDICE;

18         (3) with respect to all other defendants and/or claims,
19 defendants' motions to dismiss, to strike, and for a more
20 definite statement be, and the same hereby are, DENIED.

21         In Case No. 06-905, IT IS THEREFORE ORDERED that:

22         (1) the first, second, and third causes of action, as
23 against Howard be, and the same hereby are, DISMISSED WITH
24 PREJUDICE;

25         (2) the fourth cause of action, as against the Stanton

26

27         [18]    Because the court dismisses plaintiffs' claim five, as
   against the Weinberg defendants, the court need not address the
   Weinberg defendants' motion to strike plaintiffs' improper
28 requests for relief associated with this claim.

1  defendants and the Weinberg defendants be, and the same hereby

2  is, DISMISSED WITH PREJUDICE;

3       (3) with respect to all other defendants and/or claims,

4  defendants' motions to dismiss, to strike, and for a more

5  definite statement be, and the same hereby are, DENIED.

6       In Case No. 06-907, IT IS THEREFORE ORDERED that:

7       (1) the first, second, and third causes of action, as

8  against the McMorgan defendants (McMorgan and Company, L.L.C.,

9  and Howard) be, and the same hereby are, DISMISSED WITH

10 PREJUDICE;

11      (2) the first, second, and third causes of action, as

12 against Liffey be, and the same hereby are, DISMISSED WITHOUT

13 PREJUDICE;

14      (3) the complaint as against the Weinberg defendants

15 be, and the same hereby is, DISMISSED WITH PREJUDICE;

16      (4) the fourth and fifth causes of action as against

17 the Stanton defendants be, and the same hereby are, DISMISSED

18 WITH PREJUDICE;

19      (5) with respect to all other defendants and/or claims,

20 defendants' motions to dismiss, to strike, and for a more

21 definite statement be, and the same hereby are, DENIED.

22      Plaintiff is hereby given 30 days from the date of this

23 order to file an amended complaint in Case No. 06-907 consistent

24 with this order.  Another amended complaint should not be filed

25 ///

26 ///

27 ///

28 ///

1   unless counsel believes in good faith that plaintiffs can state a

2   claim upon which relief can be granted consistent with this

3   order.

4   DATED:   January 23, 2007

5

6   _____

7   WILLIAM B. SHUBB
    UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28